[Tagged]



**ORDERED in the Southern District of Florida on June 4, 2013.**

Erik P. Kimball, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 10-25535-EPK |
| JOHN E. BENEVENTO, | Chapter 7 |
| Debtor. _____/ | |
| THE CADLE COMPANY OF CONNECTICUT, INC., | |
| Plaintiff, | |
| v. | Adv. No. 11-01011-EPK |
| JOHN E. BENEVENTO, | |
| Defendant. _____/ | |

**ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF FEES AND COSTS**

THIS MATTER came before the Court upon the *Plaintiff's Motion for Award of Attorneys Fees and Costs Pursuant to Rule 9011* [ECF No. 156] (the "Motion") filed by The Cadle Company of Connecticut, Inc. (the "Plaintiff"), James T. Haley ("Mr. Haley"), and Haley & Jhones, P.A. (the "Firm" and, with the Plaintiff and Mr. Haley, the "Movants"). Pursuant to Fed. R. Bankr. P.

9011(c)(1)(A), the Movants seek an award of attorney's fees and costs related to their defense of the *Defendant's Motion for Sanctions Against the Cadle Company of Connecticut, Inc. and It's Counsel, Pursuant to Rule 9011(b)(1) and (b)(3) of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code* [ECF No. 109] (the "First Motion for Sanctions") filed by John E. Benevento (the "Defendant") and the *Defendant's Amended Motion for Sanctions Against the Cadle Company of Connecticut, Inc., James T. Haley, Esquire, and the Law Firm of Haley and Jhones, P.A., Jointly and Severally, Pursuant to the Inherent Power of the Court* [ECF No. 146] (the "Second Motion for Sanctions") filed by the Defendant. For the reasons set forth below, the Court will deny the Motion.

## I. Procedural History

On June 2, 2010, the Defendant filed a voluntary petition under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. On January 7, 2011, the Plaintiff, through its counsel Mr. Haley, filed its *Complaint* [ECF No. 1] (the "Complaint"), seeking to deny the Defendant a discharge pursuant to §§ 727(a)(2)(A), (a)(3), (a)(4)(D), and (a)(5).

On April 1, 2011, Eric A. Rosen, Esq. ("Mr. Rosen"), the Defendant's counsel, took the deposition of Denise Harkless ("Ms. Harkless"), an account officer employed by the Plaintiff. At the deposition, Ms. Harkless answered in the affirmative when asked by Mr. Rosen if she was "the person at [the Plaintiff] that has primary responsibility for" the Defendant's file, ECF No. 146-1, Denise Harkless Depo. 4/1/11, p.13, ll.9-11, and answered in the affirmative when asked if she "had primary responsibility and, in fact, sole responsibility for the collection of this debt internally . . . ." ECF No. 146-1, Denise Harkless Depo. 4/1/11, p.14, ll.19-23. Later during the deposition, the following exchange took place between Mr. Rosen and Ms. Harkless:

> Q    We can go through all of these factual allegations in the Complaint, but just so the record's clear, are you prepared to testify today that as of today you do not have any personal knowledge with respect to any of the facts that are alleged in this Complaint other than what's a matter of public record?
>
> A    Correct.

ECF No. 146-1, Denise Harkless Depo. 4/1/11, p.32, l.20 – p.33, l.1.

2

The Court held a trial in the adversary proceeding on November 14, 2011, February 28, 2012, March 23, 2012, and April 3, 2012. The parties subsequently submitted post-trial briefs in the form of proposed findings of fact and conclusions of law.

On February 3, 2012, the Defendant served on the Plaintiff, but did not file, the First Motion for Sanctions. In the First Motion for Sanctions, the Defendant sought sanctions against the Plaintiff and Mr. Haley pursuant to Fed. R. Bankr. P. 9011(b)(1) and 9011(b)(3), and 11 U.S.C. § 105(a). The Plaintiff did not voluntarily dismiss or otherwise withdraw the Complaint within the twenty-one day safe harbor period under Fed. R. Bankr. P. 9011(c)(1)(A).[1]

On August 14, 2012, the Court entered its *Final Judgment* [ECF No. 106] and accompanying *Memorandum Opinion* [ECF No. 105], ruling in favor of the Defendant on all counts of the Complaint.

On August 15, 2012, the day following entry of judgment in this case, the Defendant filed the First Motion for Sanctions. In the First Motion for Sanctions, the Defendant alleged: (a) that the Plaintiff filed the Complaint in spite of Ms. Harkless' admission that she had no personal knowledge of the material allegations in the Complaint; (b) that the Plaintiff persisted in bringing the adversary proceeding to trial, "even though the only witness it called was the [Defendant], while relying on deposition testimony obtained from third parties, none of which provided support for its claims"; (c) that "[t]he effect [the Plaintiff's] 'scorched earth' method of pursuing its baseless claims has had upon the [Defendant] and his wife has been devastating, both emotionally and financially"; and (d) that "[t]he Complaint was filed, and pursued, for an improper purpose – gouging funds from [the Defendant] who is entitled to a fresh financial start." The Defendant stated that:

> [The Plaintiff] filed the Complaint notwithstanding the undisputed fact that, as evidenced by repeated admissions under oath by the person at [the Plaintiff] with the most knowledge of, and who bears primary responsibility for its file regarding the

---

[1] Fed. R. Bankr. P. 9011(c)(1)(A) states, in pertinent part:

> The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected . . . .

3

> [Defendant], no one at [the Plaintiff] had any personal knowledge of any of the material allegations in the Complaint . . . This is a prima facie violation of Rule 9011(b)(3), which requires that the allegations and other factual contentions in any paper have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

ECF No. 109, First Motion for Sanctions, p.2, ¶2.

At a September 13, 2012 hearing on the First Motion for Sanctions, the Court asked Mr. Rosen whether, by citing § 105(a), the Defendant also sought sanctions under the Court's inherent power,[2] and Mr. Rosen responded that the Defendant was indeed seeking sanctions under the Court's inherent power, stating "[a]s far as I'm concerned, the entire proceeding was one giant bad faith violation." ECF No. 138, Hearing Trans. 9/13/12, p.7, l.16 – p.8, l.6. At the hearing, Mr. Haley argued, among other things, that the First Motion for Sanctions was untimely, but did not point to any legal support for this argument. ECF No. 138, Hearing Trans. 9/13/12, p.9, l.17 – p.10, l.22. Based on the colloquy among counsel and the Court, at the close of the hearing the Court stated that it would deem the First Motion for Sanctions to include a request for sanctions against the Plaintiff and Mr. Haley pursuant to the Court's inherent power to impose sanctions, and directed the Plaintiff and Mr. Haley to file a written response to the First Motion for Sanctions. ECF No. 138, Hearing Trans. 9/13/12, p.15, ll.4-18.

After the September 13, 2012 hearing, the Court became aware of case law to the effect that the Defendant's request for sanctions under Fed. R. Bankr. P. 9011 was not timely and should be denied. Accordingly, on September 24, 2012 the Court entered its *Order Denying Defendant's Motion for Sanctions Under Fed. R. Bankr. P. 9011 and 11 U.S.C. § 105(a), Deeming Defendant's Motion for Sanctions as a Motion for Sanctions Under the Court's Inherent Power, and Directing Plaintiff and*

---

[2] Sanctions awarded under the Court's inherent power are distinct from sanctions awarded under § 105(a). *See In re Evergreen*, 570 F.3d 1257, 1273 (11th Cir. 2009). In the First Motion for Sanctions, the Plaintiff cited § 105(a). A court may award sanctions under § 105(a) "if a party violates a court order or rule." *In re Evergreen*, 570 F.3d at 1273. Courts also have the inherent power to enter sanctions and the "[i]nvocation of [this power] requires a finding of bad faith." *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1575 (11th Cir. 1995). The Court questioned Mr. Rosen because there was no allegation in the First Motion for Sanctions that the Plaintiff or Mr. Haley had violated a court order or rule.

*Plaintiff's Counsel to Respond to Defendant's Motion for Sanctions* [ECF No. 132] (the "September 24th Order"). In the September 24th Order, the Court ruled that:

> As to the Defendant's request for sanctions under Rules 9011(b)(1) and (b)(3) of the Fed. R. Bankr. P., the [First Motion for Sanctions] is not timely. "[T]he service and filing of a motion for [Rule 9011] sanctions must occur prior to final judgment or judicial rejection of the offending motion." *Gwynn v. Walker (In re Walker)*, 532 F.3d 1304, 1309 (11th Cir. 2008) (internal citation and quotation omitted) (emphasis supplied). To the extent the Defendant seeks sanctions pursuant to Fed. R. Bankr. P. 9011(b)(1) and (b)(3), the [First Motion for Sanctions] will be denied.

In the September 24, 2012 Order, the Court also denied the First Motion for Sanctions to the extent the Defendant sought sanctions under § 105(a), deemed the First Motion for Sanctions as one seeking sanctions pursuant to the Court's inherent power, and directed the Plaintiff and Mr. Haley to file a written response to the First Motion for Sanctions.

On October 22, 2012, the Plaintiff, Mr. Haley, and the Firm filed their joint *Response to Defendant's Motion for Sanctions* [ECF No. 143], arguing, among other things, that the First Motion for Sanctions—now deemed as one seeking only inherent power sanctions—did not contain any specific allegations of bad faith conduct and thus did not afford the Plaintiff, Mr. Haley, or the Firm basic due process. The Court found this argument compelling[3] and, on November 1, 2012, entered its *Order Setting Deadline for Defendant to File Amended Motion for Sanctions, and Setting Deadline for Plaintiff and Plaintiff's Counsel to Respond Thereto* [ECF No. 144] (the "November 1st Order"). In the November 1st Order, the Court set a deadline for the Defendant to file an amended motion for inherent power sanctions with specific allegations of bad faith against the Plaintiff and Mr. Haley, and set a deadline for the Plaintiff and Mr. Haley to file a written response thereto.

---

[3] Before imposing sanctions under its inherent power, a court "must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees [.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

> Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. Notice can come from the party seeking sanctions, from the court, or from both. In addition, the accused must be given an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions.

*In re Mroz*, 65 F.3d at 1575-76 (citation omitted).

5

On November 15, 2012, the Defendant filed the Second Motion for Sanctions. On November 27, 2012, the Movants filed their *Response to Defendant's Amended Motion for Sanctions Against the Cadle Company of Connecticut, Inc., James T. Haley, Esquire and the Law Firm of Haley & Jhones, P.A., Jointly and Severally, Pursuant to the Inherent Power of the Court* [ECF No. 151]. In the Second Motion for Sanctions, the Defendant sought sanctions pursuant to this Court's inherent power against the Movants due to their alleged bad faith filing and prosecution of the Complaint. On March 27, 2013, the Court entered its *Order Denying Defendant's Motion for Sanctions* [ECF No. 153].

The Court denied the Second Motion for Sanctions for two reasons. First, the Second Motion for Sanctions was untimely, as the Court had already entered final judgment disposing of the Complaint. "[W]here sanctionable conduct occurs and is discovered before final judgment, a motion for sanctions pursuant to the court's inherent power must be filed before entry of the court's final order[.]" *Peer v. Lewis*, 606 F.3d 1306, 1315 n.10 (11th Cir. 2010) (citing *Prosser v. Prosser*, 186 F.3d 403, 405-06 (3d Cir. 1999)). Second, the Court determined that the Second Motion for Sanctions should be denied because timely requests for relief by the Defendant under Fed. R. Bankr. P. 9011 and Fed. R. Civ. P. 26(c)(1) would have sufficed to address the Complaint and other offending behavior in question. While courts are not prohibited from sanctioning conduct "by means of the inherent power simply because that conduct could also be sanctioned under" various statutes or rules, *Chambers v. NASCO*, Inc., 501 U.S. 32, 50, "if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent power." *Peer*, 606 F.3d at 1315.

## II.     The Motion for Award of Attorney's Fees and Costs

In the present Motion the Movants assert that, as the prevailing parties on the First and Second Motions for Sanctions, the Court should award them attorney's fees and costs pursuant to Fed. R. Bankr. P. 9011(c)(1)(A). Fed. R. Bankr. P. 9011(c)(1)(A) provides, in pertinent part, that "[i]f warranted, the court may award to the party prevailing on the [Rule 9011 sanctions] motion the reasonable expenses and attorney's fees incurred in presenting or opposing the [Rule 9011 sanctions] motion."

6

"A fee award under section (c)(1)(A) is not a sanction and does not require a cross-motion under Rule 9011." *Cox v. Swiss-American, Inc. (In re Affiliated Foods Southwest, Inc.*, 472 B.R. 538, 550 (Bankr. E.D. Ark. 2012). Rather, such an award is properly characterized as the result of a fee-shifting provision. *In re Affiliated Foods Southwest, Inc.*, 472 B.R. at 552-53. In applying Rule 9011(c)(1)(A), the Court "has the discretion to award reasonable expenses, including attorney's fees, to the prevailing party." *Kaye v. Personal Injury Funding III, L.P.*, 2010 WL 2244085, at *4 (S.D. Fla. May 12, 2010).[4] In exercising this discretion, the Court may deny a motion for fees and costs under Rule 9011(c)(1)(A) even if the motion for sanctions that the movant has successfully defended against was meritless. *Kaye*, 2010 WL 2244085, at *4 (denying request for prevailing party fees because movant did not show "that it should be compensated for having to litigate" the sanctions motion).

Because the Second Motion for Sanctions did not request sanctions under Rule 9011, but only under the Court's inherent power, the Movants are not entitled to fees or costs under Rule 9011(c)(1)(A) in connection with their defense of the Second Motion for Sanctions.

In support of their request for an award of fees and costs relating to defense of the First Motion for Sanctions, the Movants begin by arguing that the First Motion for Sanctions was frivolous because it was untimely. In this regard, the Movants state:

> Mr. Rosen, an experienced [ ] practitioner knew or should have known the [First Motion for Sanctions] was untimely. Plaintiff's counsel argued at hearing on September 13, 2012, that the motion was untimely, however, to the detriment of Plaintiff, the Defendant and Mr. Rosen, his attorney, improperly continued to prosecute the Motion at their peril.

The Court does not agree that the filing of the First Motion for Sanctions after entry of judgment in this case means that it was frivolous. As is apparent from the Court's *Memorandum Opinion* [ECF No. 105] and orders on the First and Second Motions for Sanctions, there was ample factual basis for the Defendant to pursue sanctions against the Movants. Several times during the course of this litigation the Court questioned the Plaintiff's actions, including whether the Complaint

---

[4] The District Court in *Kaye* applied the prevailing party fee-shifting provision of Fed. R. Civ. P. 11(c)(2). This provision is nearly identical to the prevailing party fee-shifting provision in Fed. R. Bankr. 9011(c)(1)(A). When applying Fed. R. Bankr. P. 9011, courts may look to authority applying

was properly presented in light of the Plaintiff's apparent lack of knowledge to support the allegations stated therein.[5] As noted in prior orders, the combination of the Plaintiff's inappropriately aggressive approach to litigating this case, coupled with inept prosecution, resulted in an unnecessarily protracted trial given the nature of the dispute. This only augmented the harm to the Defendant. As provided in Rule 9011(b), a party may argue that existing law should be extended or modified. That the Court declined to carve out an exception to the timeliness standard under the nevertheless extreme facts of this case does not make the First Motion for Sanctions frivolous.

The Movants next assert that the First Motion for Sanctions was frivolous because the Defendant improperly joined a request for sanctions under Rule 9011 with a request for sanctions under 11 U.S.C. § 105(a). In support, the Movants cite Rule 9011(c)(1)(A), which states, in pertinent part, that "[a] motion for sanctions under this rule shall be made separately from any other motions or request . . . ." This argument fails. As the Sixth Circuit aptly explained:

> The drafters instruct that a "separate" motion is one that is "not simply included as an additional prayer for relief contained in another motion." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). As we understand it, this requirement is intended to highlight the sanctions request by preventing it from being tacked onto or buried in motions on the merits, such as motions to dismiss or for summary judgment. The requirement does not foreclose combining a Rule 11 request with other provisions regulating attorney behavior, such as § 1988 and § 1927. To require Springfield to request Rule 11 sanctions separate from other requests for attorney fees based on the same conduct would amount to needless duplication of paper, time, and effort, for practitioners as well as the courts.

*Ridder v. City of Springfield*, 109 F.3d 288, 294 n.7 (6th Cir. 1997).

The Movants' third argument, that the § 105(a) component of the First Motion for Sanctions was frivolous because § 105(a) was not applicable, also fails. At the September 13, 2012 hearing, the Court questioned Mr. Rosen regarding the request for sanctions under § 105(a), asking if Mr. Rosen had intended to seek sanctions under the Court's inherent powers. Mr. Rosen confirmed the Court's

---

Fed. R. Civ. P. 11 because the two rules are substantively the same. *See In re Mroz*, 65 F.3d at 1572.
[5] It is telling that at trial the Plaintiff did not pursue several of the more central allegations in the Complaint. Instead the Plaintiff presented evidence on factual theories not contained in the Complaint (without objection by the Defendant).

suspicion that this was the case when he correctly asserted the standard for inherent power sanctions: bad faith. A motion is not frivolous simply because it misstates or confuses the applicable basis for relief.

The Movants next argue that the First Motion for Sanctions is an improper substitute for a motion to dismiss. The Movants state:

> Paragraph 11 of the Motion, which argues Cadle did not identify certain allegations or factual contentions in its Complaint, is clearly an attack on the sufficiency of the complaint and, as such, is an improper basis for a claim for relief under Rule 11. No substantive motions, such as a motion to dismiss or motion for summary judgment were filed by Mr. Rosen. There is no relief afforded under Rule 11 for 20/20 hindsight. The failure of Mr. Rosen to address any perceived deficiencies in the complaint early in the proceedings cannot be the basis of a Rule 11 claim. The motion's attack against the Complaint is a prohibited, objective violation of Rule 9011.[6]

Yet the opposite is true. Rule 9011(b)(3) requires that in every complaint "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." In the First Motion for Sanctions the Defendant argued that the allegations in the Complaint lacked evidentiary support and that the Plaintiff did not identify allegations that were likely to have evidentiary support, in violation of Rule 9011(b)(3). Contrary to the Movants' argument here, Rule 9011 specifically permits a request for sanctions based on the filing of an unsupported complaint, as argued by the Defendant.

The Movants continue by arguing that:

> There is simply no factual or legal support for the Defendant's claim, in paragraph 2 of the Motion, that Cadle's representative's lack of "personal knowledge" is a *prima facie* violation of Rule 11 . . . The claim, standing alone, is lacking factually and legally and cannot be the basis of a Rule 11 claim . . . The motion's claim that a party's representative must have "personal knowledge" to prosecute a claim is frivolous.

The Court does not agree. Paragraph 2 of the First Motion for Sanctions states:

> Cadle filed the Complaint notwithstanding the undisputed fact that, as evidenced by repeated admissions under oath by the person at Cadle with the most knowledge of, and

---

[6] The fact that the Defendant did not file any dispositive motions prior to trial in this adversary proceeding is lamentable. One can only wonder whether the parties and the Court might have avoided the waste of four full days of court time and countless hours attempting to make sense of the resulting disjointed mass of documentary and testimonial evidence.

9

> who bears primary responsibility for its file regarding the [Defendant], no one at Cadle had any personal knowledge of any of the material allegations in the Complaint (see transcript of deposition of Denise Harkless attached as Exhibit "B"). This is a prima facie violation of Rule 9011(b)(3), which requires that the allegations and other factual contentions in any paper have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

The Movants take issue with the Defendant's use of the term "personal knowledge," a phrase not used in Rule 9011 or in the rules regarding pleading standards.  This argument is but a distraction from the main event.  The spotlight should instead be trained on the un-rebutted fact that the Plaintiff's primary representative, its only employee with responsibility for collecting the Defendant's debt, had no knowledge of the facts alleged in the Complaint other than those presented in the public record (which in this case meant documents indexed in various real property records).  The fact that the Plaintiff's corporate representative lacked knowledge of the allegations in the Complaint, and the Complaint did not state that such allegations were upon information and belief and therefore subject to further discovery, is strong evidence of the Complaint's lack of the evidentiary support required by Rule 9011(b)(3).  It was not frivolous to argue that the Plaintiff's lack of knowledge to support the allegations in the Complaint warranted sanctions.  That the Court denied such sanctions, declining to distinguish this case from those refusing sanctions on timeliness grounds, does not make the Plaintiff's actions less troubling.

The Movants next argue that the Defendant's various references to the discovery conducted by the Plaintiff prior to trial render the First Motion for Sanctions frivolous.  Rule 9011(d) states that Rule 9011 does "not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037."  The Movants appear to purposely mischaracterize the Defendant's arguments on this point.  In each of the references to discovery pointed out by the Movants in the present Motion, the Defendant was not seeking to obtain sanctions against the Plaintiff for discovery violations, but was bolstering his argument by showing that the Complaint was deficient under Rule 9011 in spite of the fact that the Plaintiff pursued extensive discovery.  That is, even after extremely broad and intrusive discovery over a protracted period, the Plaintiff was unable to prove allegations that likely were unfounded to begin with.  This is not an

10

improper argument under Rule 9011.

The final four arguments advanced by the Movants in the Motion are: (a) the First Motion for Sanctions failed to state a claim; (b) the First Motion for Sanctions was filed for an improper purpose; (c) the First Motion for Sanctions was improperly conclusive; and (d) the Defendant demonstrated malice against Mr. Haley. Each of these arguments is not supported by the record and does not warrant further analysis.

The Movants take umbrage at having to defend against the First and Second Motions for Sanctions. While they were ultimately denied, the First and Second Motions for Sanctions could not have come as much of a surprise to the Movants. Long before trial, the Court questioned whether the Complaint was well presented, suggesting that the Plaintiff could be subject to sanctions under Rule 9011.[7] Yet the Plaintiff continued to pursue this litigation with a fervor unwarranted by its own discovery, the resulting trial a tilting at windmills revealing no threatening giants.[8] See *The Cadle Company of Connecticut v. Benevento (In re Benevento)*, 2012 WL 3475163, at *1 (Bankr. S.D. Fla. Aug. 14, 2012).[9] The Court has discretion whether to award fees and costs under Rule 9011(c)(1)(A).

---

[7] At a hearing on April 14, 2011, when discussing the lack of personal knowledge of the Plaintiff's representative as to the allegations in the Complaint, the Court asked Mr. Haley, "How is this not a Rule 11 problem?" ECF No. 78, Hearing Trans. 4/14/11, p.8, ll.11-12.

[8] MIGUEL DE CERVANTES SAAVEDRA, THE INGENIOUS GENTLEMAN DON QUIXOTE OF LA MANCHA (Read Books Design 2010) (1605).

[9] In its Memorandum Opinion, the Court summed up this case as follows:

> The Plaintiff alleges that the [Defendant] structured his business and personal financial affairs over a period of decades (even before the Plaintiff had a claim against the [Defendant]) with the intent of preventing the Plaintiff from collecting on its judgment. The Plaintiff undertook a fishing expedition, looking for evidence to support its suspicions. The Plaintiff sought and received two continuances of the pretrial hearing in this case, thereby obtaining five additional months for discovery. The Plaintiff then sought and received an extension of certain deadlines in the Court's scheduling order in order to review the voluminous discovery. The Plaintiff defended the [Defendant's] motion for protective order early in the discovery phase of this case (wherein the [Defendant] argued the Plaintiffs discovery was overly broad), and prosecuted several discovery motions of its own. The Plaintiff's case in chief and rebuttal took up most of the four days of trial. The Plaintiff pursued all of this in the cause of obtaining and presenting documentation of the [Defendant's] financial affairs and his transactions with family members and others over a period going back more than two decades. In response, the [Defendant], his spouse, several of his family members, and others produced literally a mountain of documents, many of which were admitted at trial. These documents

Such an award is not warranted here.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the Motion [ECF No. 156] is DENIED.

###

Copies furnished to:

James T. Haley, Esq.

*James T. Haley, Esq. is directed to serve a copy of this Order upon all appropriate parties and to file a certificate of service with the Court.*

---

indicate primarily that the [Defendant] and his family members maintained surprisingly detailed records over a period of several decades. Contrary to the Plaintiff's suspicions, the fruits of its seemingly boundless discovery do not support the Plaintiff's claims. The [Defendant] and his wife testified at length during trial. Their thoroughly credible testimony, contradicting all of the Plaintiffs material allegations, was supported by the record in this case. The Court considered the testimony of witnesses and the documentary evidence admitted at trial, and the post-trial memoranda filed by the parties in the form of proposed findings of fact and conclusions of law. The Plaintiff failed to meet its burden in proving any of its claims under section 727. For the reasons stated more fully below the Court will enter judgment in favor of the Defendant on all counts.